## JOHNSTON'S EX'R. vs. WALL & AL.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This action has for its object the recovery of certain slaves, mentioned in the petition, and damages for their illegal detention.

Amendments may be allowed at any stage of the pleadings, but if it appear that the cause has been as fully tried on its merits, as it would have

West'n District
*Sept. 1823.*

JOHNSTON EXR.
*vs.*
WALL & AL.

been with the amendment, the supreme court will not remand the cause.

An application to remove a cause to the court of the U. States, must be simultaneous, with the appearance.

A seizure made under a writ, after the return day thereof, is void.

The marshal may be sued in a state court for trespass.

It was originally commenced against the three defendants already named, and the plaintiffs averred that the property had been seized by Lackie, pretending to be deputy marshal of the Louisiana district, and by him sold to Wall, as agent of the other defendant, John Stiles; at whose suit, the said marshal had caused the slaves to be seized and exposed to sale.

The defendants pleaded severally: Stiles claimed and obtained the removal of his cause into the United States' Court, on the ground that he was a citizen of Virginia. Lackie pleaded, that, in the seizure made by him, he acted as deputy marshal, under an execution issuing from the district court of the United States for the Louisiana district. And Wall presented, as his defence, the sale from the other defendant, Lackie, which he averred had been duly made under proper authority.

There was judgment in the district court against the defendants, Lackie and Wall; that they deliver up possession of the five slaves claimed in the petition, and pay him for the same, at the rate of forty dollars per month, from the institution of this suit until final delivery.

Wall has appealed, and the judgment, as it

affects him, is alone presented for our revision.

The facts of the case, as they appear in evidence, are, that Curtis purchased, in his life time, from Stiles, the slaves sued for; and executed an obligation, with mortgage, to secure the purchase money. Failing to comply with his contract, the mortgagee, who is a citizen of Virginia applied to the district court of the U-nited States for the Louisiana district, and obtained an order of seizure and sale, directing the mortgaged property to be sold to satisfy the debt due him.

This order of seizure and sale was dated on the 9th day of April, 1822, and came into the hands of the deputy marshal, on the 16th of the same month, but no seizure was made under it, until the 20th of July, five days after the period fixed for its return, on the third Monday of that month.

At the sale made by the marshal the defendant Wall became the purchaser as agent of the plaintiff Stiles; the slaves were in the possession of the former, at the commencement of the suit, and were sequestered: and he gave bond in his own name, that they should be forthcoming to answer the judgment of the court.

544.

JOHNSTON EXR.
*vs.*
WALL & AL.

The first question which the case presents, is on a bill of exceptions. It has been already stated that the appellant pleaded title to the property, by virtue of a sale from the deputy marshal. When the cause was called for trial, Wall, by his counsel, moved the court to permit him to plead that he had purchased the slaves and held them as agent for John Stiles, the plaintiff, at whose suit they were sold. This the judge refused permission to do, and his decision was excepted to.

We agree with the appellant that amendments to pleadings should always be allowed, where they tend to the furtherance of justice, and we entirely agree with him, that the granting of that which was asked for in the present case, would not have imposed on the plaintiff the necessity of producing further proof, nor have occasioned any hardship to him. Without therefore expressing any opinion as to the propriety of the judge *a quo* refusing an amendment which could have had so little effect, on the decision of the case, we are all clearly satisfied that it would not be a sound exercise of the discretion which the law, in cases of this kind, has vested us with, to remand the cause, and thus put the parties to

the delay aad expense of a second trial.   We are unable to perceive how the fact of the defendant being the agent of the plaintiff could, in any respect, have varied the result.   Whether he purchased for Stiles or not, if the sale was not made in pursuance of the formalities prescribed by law, he acquired no title to the property; and whether he held the slaves in his own right, under such purchase, or as agent, he is equally responsible for the hire.   Men cannot protect themselves against the responsibilities which the law creates, on their holding the property of others, by shewing that they did the acts complained of as agent, unless in casses where their principal could legally authorise them.   Now, from the evidence taken, coupled with the answer filed by Stiles himself, previous to his removing the cause to the court of the United States, so violent a presumption is raised of his being incapable to give any authority which would protect the defendant, that we do feel it would be doing a vain thing, and one which could not profit the appellant, to remand the case to the district court.

It has been contended that if this plea had been received, the appellant could have trans-

ferred his case, with that of the principal to the district court of the United States. It is clear, however, no such removal could have been granted, after an an answer to the merits was put in ; the appearance in court and the application to remove (unless in cases most peculiarly circumstanced) must be simultaneous— 2 vol Law of United States, 61, Duncan vs. Hampton, 12 Martin, 96.

The case, on its merits, presents one of the utmost simplicity. We are of opinion that the force and effect of the writ was spent on the close of the return day; that the service made under it, after the expiration of that time, was illegal ; and that the subsequent sale was null and void, and vested no title in the purchaser. Reeves vs. Kershaw, 4 Martin, 573; Dufour vs. Camfranc, 11 Martin, 697. There can be no doubt the acts of a marshal, deriving his authority from the courts of the United States, are examinable in ours; the point has been already settled in this tribunal after solemn argument—Dun & Wife vs. Vail, 7 Martin, 416.

As to the objection taken to the form of action, we are clear that which was used here, is such as the case required.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Johnston & Thomas* for the plaintiff, *Wilson* for the defendants.